IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-303-BO

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DUKE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, [DE-1], and for frivolity review of the complaint, [DE-1-1]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's *pro se* complaint is a form containing typewritten allegations in a "fill in the blank" format, to be supplemented with handwritten information by plaintiff. Plaintiff alleges she was employed by Defendant from July 1, 2019 until October 16, 2021. Compl. [DE-1-1] at 3. She alleges that Defendant failed to promote Plaintiff on the basis of her race, and jurisdiction is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. *Id.* Plaintiff states that the alleged discrimination occurred on or about October 2020 through November 2021. *Id.* at 4. In December 2020, she informed her manager Valerie Abbott, that "the advantageous work environment created for her white counterpart was discriminatory." *Id.* Plaintiff states that Valerie Abbott was the white, female, Research Administration Manager. *Id.* at 3. Plaintiff contends that

she "was not provided with essential tools for her job duties," while she "witnessed her white co-worker receive these basic necessities." *Id.* at 4. Plaintiff "escalated the issue to Abbott's manager, Michell Rigsbee," the white, female Vice Provost of Research Administration, as well as to Human Resources. *Id.* at 3–4. Abbott and Rigsbee began retaliating against Plaintiff by asking her to resign as the Chair of the Employee Diversity and Inclusion Committee. *Id.* at 4. Plaintiff alleges that in September 2021, Abbott "forcibly removed Ms. Doe from the Committee," and in May 2021, "Ms. Doe received mental health treatment and was medically diagnosed as mentally incapacitated due to work-induced stress." *Id.* Plaintiff indicates that she left the job voluntarily. *Id.* at 3. She also indicates that she filed charges with the Equal Employment Opportunity Commission ("EEOC") on or about August 2021. *Id.* at 4.

However, while Plaintiff states that she filed charges with the EEOC on or about August 2021, she does not include the EEOC charge, any determination, or right-to-sue letter. Thus, the court is without subject-matter jurisdiction over Plaintiff's Title VII claim. *See Brown v. Gibson*, No. 4:17-CV-180-FL, 2018 WL 4113339, at *3 (E.D.N.C. Aug. 29, 2018) (dismissing without prejudice Plaintiff's Title VII claims for lack of subject matter jurisdiction where Plaintiff made reference to an EEOC civil rights complaint, but gave no details regarding the investigation, any determination, right-to-sue notice, or when any events occurred) (citing *Spencer v. Williams*, 4:09-CV-43-FL, 2009 WL 1844299, at *3 (E.D.N.C. June 16, 2009) ("However, because plaintiff failed to include the right-to-sue letter with the complaint, advising the court of the EEOC's determination, the court does not have subject matter jurisdiction over this matter.")). "A federal discrimination claim brought by a private party *cannot* be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim. Further, . . . the EEOC [must] decide whether the agency will bring the claim in federal court or whether the

3

complainant will be issued a right-to-sue letter, *which letter is essential to initiation of a private Title VII suit in federal court.*" *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137-138 (4th Cir. 1995) (emphasis added) (citing 42 U.S.C. §§ 2000e-5(b), 5(f)(1)); *see Forrest v. Transit Mgmt.*, 93 Fed. Appx. 577 (4th Cir. 2004) (explaining "absent [the EEOC's] determination [as to the merits of the claim and its issuance of a right-to-sue notice], the district court lacks subject matter jurisdiction over the claim); *Shaver v. Davie County Public Sch.*, 2008 WL 943035, at *2 (M.D.N.C. Apr. 7, 2008) (dismissing claims with prejudice for lack of subject matter jurisdiction where *pro se* plaintiff conceded he failed to file EEOC charge prior to commencement of federal lawsuit) (citations omitted).

Here, according to the *pro se* complaint, plaintiff complied at least in part with the jurisdictional prerequisites because she indicated she filed an EEOC charge. Compl. [DE-1-1] at 4; 42 U.S.C. § 2000e–5. "However, because plaintiff failed to include the right-to-sue letter with the complaint, advising the court of the EEOC's determination, the court does not have subject matter jurisdiction over this matter." *Spencer* 2009 WL 1844299, at *3 (citing *Davis*, 48 F.3d at 138)).

Under these circumstances, however, given Plaintiff's *pro se* status, this court finds that Plaintiff should be allowed to particularize her complaint by filing her right-to-sue letter so that she may cure the jurisdictional defects addressed above. *See Harris v. Guilford Cty. Sheriff's Office*, No. 1:18CV519, 2019 WL 568589, at *2 (M.D.N.C. Feb. 12, 2019) ("If 'a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims.'") (quoting *Veliaminov v. P.S. Bus. Parks*, 857 F.Supp.2d 589, 591-92 (E.D. Va. 2012)).

Accordingly, Plaintiff shall supplement her complaint to include her right-to-sue letter by no later than **October 25, 2022**, and failure to do so may result in dismissal of the complaint.

4

Submitted the 7 day of October, 2022.

_____
Robert B. Jones, Jr.
United States Magistrate Judge