IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:22-cv-00303-BO-RN

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANT'S ANSWER** |
| ) | |
| DUKE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Duke University ("Duke") files this Answer to the Complaint of Plaintiff identified in the case caption as "Jane Doe" but whom upon information and belief is legally named Brianna N. Monk.

## FIRST DEFENSE

Duke asserts the affirmative defenses of lack of subject matter jurisdiction, improper venue and the Federal and North Carolina Arbitration Acts because Plaintiff's alleged claims are subject to exclusive and final binding resolution pursuant to Duke's Dispute Resolution Process, which includes binding arbitration as a final step administered by the American Arbitration Association. Duke anticipates filing a motion to compel arbitration promptly and expressly reserves, without waiver, the right to compel arbitration if Plaintiff does not voluntarily dismiss this action and voluntarily proceed to arbitration.

## SECOND DEFENSE

In response to the numbered allegations contained in Plaintiff's Complaint, Duke alleges and says as follows:

1. Paragraph 1 is admitted upon information and belief.

2. In response to paragraph 2, Duke admits it is a named defendant in this lawsuit and states that it conducts business in the areas of research and higher education. Duke further states that it employs a large workforce. Except as specifically admitted, the allegations of paragraph 2 are denied.

3. In response to paragraph 3, Duke admits Plaintiff alleges a claim of employment discrimination. Duke denies that jurisdiction in this court is appropriate due to the existence of an arbitration agreement between the parties and denies that Plaintiff is entitled to any recovery in this matter. To the contrary, the matter should be dismissed.

4. In response to paragraph 4, Duke admits that Plaintiff alleges a "[f]ailure to promote me" but denies that Plaintiff is entitled to any recovery in this matter.

5. In response to paragraph 5, Duke admits that Brianna N. Monk voluntarily resigned employment and that she is not presently employed by Duke. Except as specifically admitted, the allegations of paragraph 5 are denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. In response to paragraph 9, Duke is without information or knowledge concerning Plaintiff's medical diagnosis. The remaining allegations of paragraph 9 are denied.

10. Paragraph 10 is denied.

11. In response to paragraph 11, Duke states that Brianna N. Monk filed an EEOC charge which was dismissed by the agency. Except as specifically admitted, the allegations of paragraph 11 are denied.

12. Paragraph 12 is denied.

Any allegations of the Complaint not specifically admitted are hereby denied.

## THIRD DEFENSE

To the extent Plaintiff's Complaint asserts claims other than those raised in her EEOC charge, these claims are barred by her failure to exhaust administrative remedies.

## FOURTH DEFENSE

To the extent any of the claims asserted in the Complaint fail to state a claim upon which relief can be granted, they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations to the extent she failed to file the complaint within 90 days of the Equal Employment Opportunity Commission's dismissal and notice of right to sue. Moreover, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the 180 day limitation period for Title VII claims.

## SIXTH DEFENSE

Duke acted at all times reasonably and in good faith toward Plaintiff. All decisions regarding Plaintiff were based on reasonable factors other than race.

## SEVENTH DEFENSE

All actions taken by Duke regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were in no way related to Plaintiff's race or any other protected activity or characteristic.

## EIGHTH DEFENSE

Even if Plaintiff were to prove a discriminatory factor motivated the alleged actions – which Duke expressly denies – Duke would have taken the same action in the absence of such motivation.

## NINTH DEFENSE

Alternatively, if any improper, illegal, discriminatory, or retaliatory actions were taken by any of Duke's employees against Plaintiff, which is specifically denied, they were outside the course and scope of that employee's employment, contrary to Duke policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Duke. Thus, any such actions cannot be attributed or imputed to Duke.

## TENTH DEFENSE

To the extent it is determined that Plaintiff is entitled to recover in this action, which is specifically denied, Plaintiff may not recover damages for any period of time in which she did not make a reasonable effort to find comparable employment. Duke pleads the Plaintiff's failure to mitigate damages as a bar to recovery.

## ELEVENTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "after acquired evidence."

WHEREFORE, Duke prays the Court as follows:

1. Plaintiff have and recover nothing by this action and that Plaintiff's claim be dismissed with prejudice;

2. Duke be awarded costs and reasonable attorney's fees;

3. Duke be awarded such other and further relief as the Court may deem just and proper.

Dated this the 2nd day of February, 2022.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        /s/ Robert A. Sar
        Robert A. Sar (NC Bar No. 22306)
        8529 Six Forks Road
        Forum IV, Suite 600
        Raleigh, NC 27615
        Telephone: 919.789.3160
        Facsimile: 919.783.9412
        Robert.Sar@ogletree.com

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **Defendant's Answer** was electronically filed with the Clerk of Court using the CM/ECF system and that the undersigned has served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage paid in the United States mail, addressed to:

Jane Doe
4000 Dominion Ridge Circle
Apt. 4324
Morrisville, NC 27560

Dated this the 2nd day of February, 2023.

    OGLETREE, DEAKINS, NASH
    SMOAK & STEWART, P.C.

    /s/ Robert A. Sar
    Robert A. Sar (NC Bar No. 22306)
    8529 Six Forks Road
    Forum IV, Suite 600
    Raleigh, NC 27615
    Telephone: 919.7879.3160
    Facsimile: 919.783.9412
    Robert.Sar@ogletree.com

    *Attorney for Defendant*