IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-303-BO-RN

| | | |
|---|---|---|
| JANE DOE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DUKE UNIVERSITY, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on defendant's motion to compel arbitration or, in the alternative, dismiss the complaint for lack of subject matter jurisdiction and improper venue. [DE 17]. Plaintiff does not consent to the motion and does not believe that defendant's resolution procedure applies to her claim. *Id.* In this posture, the motion is ripe for ruling. For the reasons that follow, the motion is granted.

## DISCUSSION

Plaintiff filed this employment discrimination action alleging that defendant, Duke University (hereinafter "Duke"), failed to promote her due to her race. Plaintiff alleges that she was not provided with the tools required to perform the duties of her position and that when she complained she was retaliated against. Although plaintiff, who proceeds in this action *pro se*, filed this suit as Jane Doe, her identity has been disclosed on the right to sue letter she received from the Equal Employment Opportunity Commission and filed at [DE 5].

Duke filed the instant motion after answering plaintiff's complaint. It contends that when plaintiff was hired she agreed to Duke's Dispute Resolution Process, which requires arbitration of any claim arising out of or relating to Duke's employment policies. Duke contends that, as a non-union employee, plaintiff was required to agree to Duke's Dispute Resolution Process, and Duke has proffered evidence that plaintiff did agree to be bound by the Dispute Resolution Process when

she electronically signed both a candidate certification and acknowledged receipt of the Duke Resolution Process, and further that, prior to filing suit, plaintiff attempted to initiate procedures under the Dispute Resolution Process. *See* [DE 18-1] Lofton Decl. ¶¶ 3-6, 8; [DE 18-2] Motley Decl. ¶¶ 2-5.

The Federal Arbitration Act ("FAA") "reflects a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quotations omitted). A district court must stay proceedings and compel arbitration if the moving party demonstrates: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the nonmovant to arbitrate the dispute. *Id.* at 500–01.

Duke has demonstrated each of the above-recited elements. There is plainly a dispute between the parties, as plaintiff has initiated this employment discrimination action and Duke has answered and asserted affirmative defenses. Duke has established that there is a written agreement between the parties that purports to cover the dispute. Specifically, Duke has shown that plaintiff reviewed and agreed to Duke's Dispute Resolution Process. Lofton Decl. ¶ 6, Ex. B. The arbitration provision contained in the Dispute Resolution Process is broad, and applies to "[a]ny claim arising out of or relating to employment policies[.]" Lofton Decl. Ex. A. The Court is further aware that other cases involving Duke's employment practices for employees covered by its Dispute Resolution Process have been referred to arbitration. *See, e.g., Armstrong v. Duke Univ.*, No. 1:04CV01206, 2006 WL 213952, at *4 (M.D.N.C. Jan. 27, 2006).

A matter involves interstate commerce under the FAA if it simply "affects" commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995); *accord Circuit City v. Adams*,

2

532 U.S. 105 (2001). Duke has sufficiently demonstrated that its business involves interstate commerce. Its operations involve interstate activities, including grants and gifts which originate outside North Carolina, and its employees routinely travel to other states on behalf of Duke. Lofton Decl. ¶ 9. Finally, plaintiff has opposed this motion to compel arbitration and has not agreed to arbitrate her claims.

"A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500. There is no argument that the arbitration agreement at issue is not valid, and Duke has demonstrated that the issues in this case are governed by the broad terms of the agreement to arbitrate. In sum, the Court concludes that Duke has established that plaintiff's claims are subject to mandatory arbitration. The Court will therefore refer plaintiff's claims to arbitration and stay this action. It declines to dismiss plaintiff's complaint as requested in the alternative.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to compel arbitration and stay this case [DE 11] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims are REFERRED to arbitration and this action is hereby STAYED. Defendant shall file a status report within sixty (60) days of the date of entry of this order and every ninety (90) days thereafter. The clerk shall remove this case from the active docket during the pendency of the stay.

SO ORDERED, this 11 day of October 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE